Louis Pechman
Vivianna Morales
Gregory Slotnick
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JAVIER PORFIRIO, on behalf of himself and all
others similarly situated,

                Plaintiff,

     -against-

SUNSHINE USA INC. d/b/a WU LIANG YE, RU
QIU LI, and LIANG ZHANG,

                Defendants.
------------------------------------------------------------------- X

**COMPLAINT**

**COLLECTIVE ACTION**

     Plaintiff Javier Porfirio ("Plaintiff" or "Porfirio"), on behalf of himself and all others similarly situated, by his attorneys, Pechman Law Group PLLC, complaining of Defendants Sunshine USA Inc. d/b/a Wu Liang Ye ("Wu Liang Ye"), Ru Qiu Li, and Liang Zhang (collectively, with Wu Liang Ye, "Defendants"), alleges:

### NATURE OF THE ACTION

    1.    This action is brought to recover unpaid overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL"), on behalf of non-exempt workers who worked for Defendants.

2. Defendants paid Porfirio and other non-exempt workers a set salary every 15 days, and failed to pay them overtime compensation for the hours they worked over forty per workweek as required by the FLSA and NYLL.

3. Defendants have also failed to pay Porfirio and other non-exempt workers spread-of-hours pay and provide them with wage notices or wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

4. Porfirio brings this action to recover unpaid overtime wages, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to the FLSA, NYLL, and WTPA.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because all events giving rise to this action and alleged in the Complaint occurred at Wu Liang Ye, which is located, and operated by Defendants, in the Southern District of New York.

## THE PARTIES

**Plaintiff**

7. Porfirio resides in Bronx County, New York.

8. Defendants employed Porfirio as a dishwasher and inventory receiver at Wu Liang Ye from October 2015 through April 19, 2017.

**Defendants**

9. Defendant Sunshine USA Inc. is a New York corporation that owns,

operates, and does business as Wu Liang Ye, a Chinese restaurant located at 36 West 48th Street, New York, New York 10036.

10. Wu Liang Ye is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Wu Liang Ye has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. Wu Liang Ye's annual gross volume of sales exceeds $500,000.

13. Ru Qiu Li ("Li") is an owner of Wu Liang Ye.

14. Li is listed as the Chief Executive Officer on the New York State Department of State Division of Corporations Entity Information for Sunshine USA Inc.

15. Throughout Porfirio's employment, Li possessed and exercised the authority to hire and fire employees, directed the manner in which employees performed their daily duties and assignments, maintained employment records, and established and implemented the pay practices and work and scheduling policies at Wu Liang Ye.

16. Li exercised sufficient control over Wu Liang Ye's operations to be considered plaintiff's employer under the FLSA and NYLL.

17. Liang Zhang ("Zhang") is an owner of Wu Liang Ye.

18. Zhang is listed as a Principal on the New York State Liquor Authority License Information webpage for Sunshine USA Inc.

19. Throughout Porfirio's employment, Zhang possessed and exercised the authority to hire and fire employees, directed the manner in which employees performed their daily duties and assignments, maintained employment records, and

3

established and implemented the pay practices and work and scheduling policies at Wu Liang Ye.

20. Zhang exercised sufficient control over Wu Liang Ye's operations to be considered plaintiff's employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

21. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and similarly situated non-exempt kitchen workers of Wu Liang Ye employed by Defendants at Wu Liang Ye at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

22. The FLSA Collective consists of approximately fifteen similarly situated current and former non-exempt kitchen workers of Wu Liang Ye, including dishwashers, and cooks who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other monies.

23. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, failing to pay the FLSA Collective the proper overtime pay for all hours worked over forty per week.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

25. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff and the FLSA Collective.

26. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

27. For the entirety of his employment at Wu Liang Ye, from October 2015 until April 19, 2017, Porfirio worked six days per week, Sunday through Friday from approximately 11:00 a.m. to 9:30 p.m., totaling approximately 63 hours per week.

28. From October 2015 through February 2016, Defendants paid Porfirio a salary of $1,000 every 15 days.

29. From March 2016 through December 2016, Defendants paid Porfirio a salary of $1,050 every 15 days.

30. From January 2017 through April 17, 2017, Defendants paid Porfirio a salary of $1,100 every 15 days.

31. The other non-exempt workers employed by Defendants alongside Porfirio were also paid a fixed salary every 15 days.

32. Porfirio and other non-exempt workers regularly worked in excess of forty hours per workweek.

33. Defendants did not pay Porfirio and other non-exempt workers at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

34. Porfirio and other non-exempt workers regularly worked shifts that spanned more than ten hours per day.

35. Defendants did not compensate Porfirio and other non-exempt workers with one additional hour's pay at the basic minimum hourly wage rate for each day their shift spanned more than ten hours.

5

36. Defendants paid Porfirio and other non-exempt workers their wages every 15 days in cash without accompanying accurate wage statements including, *inter alia*, their regular and overtime hourly rates of pay and hours worked.

37. Defendants did not furnish Porfirio and other non-exempt workers with wage notices at the time of their hiring or whenever there was a change in their wage rate.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

38. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

39. Defendants are employers within the meaning of the FLSA.

40. Throughout their employment, Plaintiff and the FLSA Collective have been engaged in commerce or in the production of goods for commerce on behalf of Defendants.

41. Plaintiff and the FLSA Collective are non-exempt "employees" within the meaning of the FLSA.

42. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207 *et seq.*

43. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

44. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

6

45. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

46. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

47. Plaintiff and the other non-exempt workers that opt into this lawsuit are non-exempt "employees" within the meaning of the NYLL.

48. Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4, Defendants were required to pay Plaintiff and the other non-exempt workers one and one half (1½) times their regular hourly wage rate for all hours that they worked in excess of forty per workweek.

49. Defendants failed to pay Plaintiff and the other non-exempt workers the overtime wages to which they were entitled under the NYLL and its supporting regulations.

50. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and the other non-exempt workers overtime wages.

51. Due to Defendants' willful violations of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. Part 146, Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

52. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

53. Defendants willfully failed to pay Plaintiff and the other non-exempt workers additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

54. By Defendants' failure to pay Plaintiff and the other non-exempt workers spread-of-hours pay, Defendants willfully violated Section 650 *et seq.* of the NYLL and its supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 137-3.10, and 146-1.6.

55. Due to Defendants' willful violations of the NYLL, Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover an amount prescribed by statute as unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York WTPA – Failure to Provide Wage Notices)

56. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

57. The WTPA, as incorporated into the NYLL, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide each employee with a written notice of his or her wage rate, in the employee's native language, at the time of hire and whenever there is a change to the employee's rate of pay.

58. In violation of NYLL § 191, Defendants failed to furnish Plaintiff and the other non-exempt workers, at the time of hiring and whenever there was a change to

8

rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

59. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FIFTH CLAIM
### (New York WTPA – Failure to Provide Wage Statements)

60. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

61. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

62. Throughout Plaintiff and the other non-exempt workers' employment with Defendants, Defendants paid Plaintiff and the other non-exempt workers without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

63. Due to Defendants' violation of NYLL § 195(3), Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover from Defendants

liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

b. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL regulations;

c. declaring that Defendants have violated the notice and record-keeping provisions of the FLSA, NYLL and WTPA;

d. declaring that Defendants willfully violated the FLSA and NYLL;

e. enjoining future violations of the FLSA and NYLL by Defendants;

f. awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

g. awarding Plaintiff and the other non-exempt workers that opt into this lawsuit damages for unpaid spread-of-hours wages;

h. awarding Plaintiff and the other non-exempt workers that opt into this lawsuit liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. awarding Plaintiff and the other non-exempt workers that opt into this lawsuit statutory damages as a result of Defendants' failure to furnish Plaintiff and the other non-exempt workers with accurate wage statements pursuant to the NYLL and the WTPA;

j. awarding Plaintiff and the other non-exempt workers that opt into this lawsuit statutory damages as a result of Defendants' failure to furnish Plaintiff and other non-exempt workers with notices pursuant to the NYLL and the WTPA;

k. awarding Plaintiff and the other non-exempt workers that opt into this lawsuit pre-judgment interest pursuant to the NYLL;

l. awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

m. awarding Plaintiff and the other non-exempt workers that opt into this lawsuit reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

n. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　　July 7, 2017

PECHMAN LAW GROUP PLLC

By: _____
　　Louis Pechman
　　Vivianna Morales
　　Gregory Slotnick
　　488 Madison Avenue, 11th Floor
　　New York, New York 10022
　　Tel.: (212) 583-9500
　　Fax: (212) 308-8582
　　pechman@pechmanlaw.com
　　morales@pechmanlaw.com
　　slotnick@pechmanlaw.com
　　*Attorneys for Plaintiff and the Putative FLSA Collective*