# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

488 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212) 583-9500
WWW.PECHMANLAW.COM

April 16, 2018

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Porfirio v. Sunshine USA Inc. d/b/a Wu Liang Ye et al.*
              17 Civ. 5146 (JMF)(GWG)

Dear Judge Furman:

      This joint letter is submitted on behalf of Plaintiff Javier Porfirio ("Porfirio" or "Plaintiff"), and Defendants Sunshine USA Inc. d/b/a Wu Liang Ye ("Wu Liang Ye"), Ru Qiu Li ("Li"), and Liang Zhang ("Zhang") (collectively, "Defendants") to seek approval of the enclosed Settlement Agreement.

## PROCEDURAL HISTORY

      This case was filed on July 7, 2017, asserting claims against Defendants to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"). Plaintiff also asserted claims for spread-of-hours pay, liquidated damages, interest, and attorneys' fees and costs under the NYLL, as well as statutory damages for Defendants' failure to provide him with wage notices or wage statements pursuant to the NYLL and the Wage Theft Prevention Act ("WTPA").

      Plaintiff brought this litigation as a collective action under the FLSA on behalf of himself and similarly situated kitchen workers at Wu Liang Ye. The parties negotiated the conditional certification of a collective action under FLSA § 216(b), consisting of dishwashers and inventory receivers who worked at Wu Liang Ye any time during the three years preceding the filing of the Complaint in this litigation. The opt-in period concluded on February 5, 2018, and no individuals submitted opt-in forms. After exchanging paper discovery and engaging in settlement discussions, the parties agreed on a settlement of $35,000 (the "Settlement Sum") to resolve the claims arising out of the Complaint. Pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015),

counsel for the parties submit this letter with the executed Settlement Agreement for the Court's approval and a proposed order dismissing this case.

## FACTUAL ALLEGATIONS

Wu Liang Ye is a Chinese restaurant located in Midtown Manhattan. Porfirio worked for Wu Liang Ye as a dishwasher and inventory receiver. Plaintiff brought this case on behalf of himself and all similarly situated non-exempt kitchen workers of Wu Liang Ye.

According to the Complaint, Plaintiff alleges that Defendants (1) failed to pay overtime pay of time and one-half his regular rate of pay for hours worked over forty in a workweek; (2) failed to pay spread-of-hours pay; (3) failed to provide wage notices upon hire or when pay rates changed; and (4) failed to furnish accurate wage statements with wages.

In their Answer to the Complaint, Defendants denied the substantive factual allegations, and asserted that Defendants acted on the basis of good faith that their actions were in compliance with all applicable federal and state laws, that Plaintiff was paid proper overtime and spread-of-hours pay, and that Defendants had provided him with wage statements and notices as required by the NYLL. In support of their defenses, Defendants also produced weekly work schedules reflecting that Plaintiff was employed at Wu Liang for a shorter period than alleged in the Complaint, as well as payroll cards containing Plaintiff's signature.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

To determine whether an FLSA Settlement Agreement should be approved as fair and reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Bae Cleaners Inc.*, No. 10 Civ. 7804 (KBF), 2012 WL 1267844, at *1 (S.D.N.Y. Apr. 12, 2012)).

Hon. Jesse M. Furman
April 16, 2018
Page 3 of 5

  During settlement discussions, the parties explored the strengths and weaknesses of the case, including Defendants' position that Plaintiff did not work at Wu Liang Ye for about ten (10) months during which he purported to in the Complaint, from October 2015 through May 2016, and March through April 2017. As noted, Defendants produced only weekly work schedules and payroll cards containing Plaintiff's signature from May 30, 2016 through March 5, 2017, alleging that period encompasses the entirety of Plaintiff's employment at Wu Liang Ye. Accordingly, although Plaintiff's unpaid wages according to Plaintiff's calculations and time range of employment are almost $38,000, if the Court were to credit Defendants' averment regarding Plaintiff's employment period, the unpaid wages due to him would shrink from $38,000 to $19,000.

  Further, Defendants allege that they properly paid Plaintiff for all hours worked. Plaintiff's Complaint alleges that Defendants paid him a fixed bi-monthly salary that failed to compensate him for overtime pay, but Defendants' payroll cards reflect weekly wages based on regular and overtime wage rates. Specifically, the payroll cards show wage payments of $461.93 per week from May 30, 2016 through December 25, 2016, based on 40 hours per workweek at $9.00 per hour and 7.55 hours of overtime per workweek compensated at $13.50 per hour, and wage payments of $508.48 per week from December 26, 2016 through March 5, 2017 based on 40 hours per workweek at $11.00 per hour and 4.15 hours of overtime per workweek at $16.50 per hour. There is also a factual dispute as to whether Plaintiff worked from Sunday through Friday from about 11:00 a.m. to 9:30 p.m., as alleged in the Complaint, or worked fewer hours per week, as reflected in Defendants' weekly work schedules.

  In light of the Parties' disputes over Plaintiff's length of employment, work schedule, and pay received, the Settlement Agreement provides Plaintiff with a reasonable recovery amount to be paid upon Approval and therefore should be approved. After deducting attorneys' fees and costs, Plaintiff will receive $22,954.10 of the Settlement Sum. Plaintiff's allocation represents approximately 60% of his unpaid wages if he was successful at trial and, exceeds the amount in unpaid wages he is owed applying Defendants' purported employment period.

  Pursuant to the Settlement Agreement, Defendants will pay the Settlement Sum by May 1, 2018, or within five days of Court approval of the Settlement Agreement, whichever date is later. To protect against default, Defendants have each executed an Affidavit of Confession of Judgment to be entered in the event of default. Therefore, Plaintiff is adequately protected.

  Plaintiff also agreed to release only wage-and-hour claims against Defendants, in accordance with case law discouraging general releases. *See Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 Supp. 3d 170, 181 (S.D.N.Y. 2015)) ("Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."); *Hernandez v. McGee's Bar & Grill*, No. 15 Civ. 6067 (S.D.N.Y. Aug. 23, 2016) (approving agreement incorporating similar release to

Hon. Jesse M. Furman
April 16, 2018
Page 4 of 5

Agreement here).

The Settlement Agreement resolves *bona fide* disputes over sharply-contested issues regarding the dates during which Plaintiff worked at Wu Liang Ye, as well as the hours worked and pay received. Prior to agreeing to the Settlement Sum, the parties conducted a thorough investigation, evaluated the claims and defenses, and had discussions regarding the valuation of the case, legal precedent, and ability to pay.

Both Plaintiff's and Defendants' counsel are experienced and conducted the negotiations over a period of months at arm's-length. Moreover, considering the early procedural posture of this case, the parties stand to incur significant costs and legal fees in pursuing litigation, and, by settling, avoid those costs and the risks of litigation. Because the Settlement Sum was negotiated at arm's length and takes into account Defendants' defenses to Plaintiff's claims as well as the litigation risks and costs, the Court should approve the Settlement Agreement as fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.

## ATTORNEYS' FEES

Pursuant to the retainer agreement between Plaintiff and his counsel, Pechman Law Group PLLC ("PLG"), Plaintiff's attorneys' fees are $12,045.90, which equals 33.3% of the Settlement Sum plus reimbursement of $568.85 in costs incurred in the prosecution of this action.[1] PLG took this matter on a contingency basis, and the attorneys' fees reflect the 33.3% contingency agreed to by Plaintiff. As such, the attorneys' fees are fair and reasonable and the documentation of billing records is not appropriate here. The proposed attorneys' fees should be awarded as it was the agreed upon fee between Plaintiff and his counsel. *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In any event, the attorneys' fees here represent a fraction of PLG's lodestar, which to date exceeds $29,000.

## CONCLUSION

All parties agree that the Settlement Agreement is fair and reasonable and should be approved by the Court. This settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. Continuing through discovery and trial would consume significant amounts of time and resources and demand substantial judicial resources. A trial would be costly for all parties and could lead to the depletion of the resources used to resolve this matter. The settlement reached for Plaintiff will not prejudice any other employee or former employee of Defendants from pursuing a claim against Defendants in the future.

---

[1] Costs incurred are $400.00 for the Court's filing fee, $165.00 for service of process fees on the three Defendants, and $3.85 in mailing fees for discovery requests and responses/objections.

Hon. Jesse M. Furman
April 16, 2018
Page 5 of 5

      We thank the Court for its time and consideration of this matter.

                                                      Respectfully submitted,

                                                      Louis Pechman

cc:   Counsel for Defendants (via ECF)

Enclosures