```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
   JAVIER PORFIRIO,                                   :
                                                      :
                              Plaintiff,              :      17-CV-5146 (JMF)
                                                      :
              -v-                                     :      ORDER
                                                      :
   SUNSHINE USA INC. et al.,                          :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/18/2018

JESSE M. FURMAN, United States District Judge:

By letter dated March 26, 2018, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement in principle.  (Docket No. 40).  By Order entered March 27, 2018, the Court directed the parties to submit the executed agreement for the Court's approval, along with letters explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).  (Docket No. 41).  On April 16, 2018, the parties submitted their Settlement Agreement for the Court's review in accordance with the March 27, 2018 Order.  (Docket No. 42).

The Court, having reviewed the parties' joint letter and the Settlement Agreement, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation.  *See id*.  Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the

defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

Finally, the Court finds that the proposed award of attorney's fees, while high relative to the size of the Plaintiff's claim and recovery, is not unreasonable given counsel's actual work on the case and the agreement between counsel and Plaintiff.  *See Wolinsky*, 900 F. Supp. 2d at 336-37.  Accordingly, the Court approves the settlement and dismisses the case with prejudice.

The Clerk of the Court is directed to close this case.  All pending motions are moot.

SO ORDERED.

Dated: New York, New York
       April 18, 2018

_____
JESSE M. FURMAN
United States District Judge

2